# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ANTHONY J. BRODZKI, | ) |
|                     Plaintiff, | ) Case No. 2:11-cv-01655-PMP-CWH |
| vs. | ) **ORDER** |
| CITY OF CHICAGO, | ) Application to Proceed *In Forma Pauperis* (#1) and Screening of Complaint |
|                     Defendant. | ) |

This matter is before the Court on Plaintiff's Application to Proceed in Forma Pauperis (#1), filed on October 12, 2011.

## BACKGROUND

Plaintiff alleges that he lived in Las Vegas, Nevada from April 1, 2005 until June 4, 2009, when he was harassed out of his home by the Chicago Police Department working in conjunction with the Las Vegas Metropolitan Police Department.

Plaintiff alleges that on November 3, 2008, a lieutenant with the police department showed him electronic equipment that apparently had been used in surveillance of the plaintiff.[1] Plaintiff further alleges that the surveillance amounted to harassment and ultimately forced him to sell his condo for a loss in order to leave. Plaintiff contends that the Chicago Police Department failed to follow legal channels, presumably in its surveillance of Plaintiff.

---

[1] It is unclear from the complaint whether this officer was a member of the Chicago Police Department or the Las Vegas Metropolitan Police Department.

Plaintiff identifies his damages as pain, torture, and others in the amount of $100,000,000. Plaintiff further requests an injunction to stop harassment and privacy violations.

## DISCUSSION

### I. Application to Proceed In Forma Pauperis

Plaintiff filed this instant action and attached a financial affidavit to his application and complaint as required by 28 U.S.C. § 1915(a). Reviewing Brodzki's financial affidavit pursuant to 28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee. As a result, Plaintiff's request to proceed in forma pauperis in federal court is granted.

### II. Screening the Complaint

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a Defendant/Third Party Plaintiff who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

#### A. Federal Question Jurisdiction

Pursuant to 28 U.S.C. § 1331, federal district courts have original jurisdiction over "all

civil actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8-9, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)). The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 963 L.Ed.2d. 318 (1987). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.* Plaintiff alleges a civil rights violation under 42 U.S.C. § 1983. A claim under this statute invokes the Court's federal jurisdiction. However, because the Court finds Plaintiff failed to properly bring a claim under section 1983 (see discussion below), federal question jurisdiction does not exist at this time.

### B. Diversity Jurisdiction

Plaintiff alleges diversity jurisdiction. Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states." Plaintiff asserts damages of $100,000,000.00 in his complaint. Plaintiff states that he is a citizen of the state of Texas, and Defendant is a citizen of the state of Illinois. Plaintiff has established diversity jurisdiction.

### C. Civil Rights Claim - 42 U.S.C. § 1983

Plaintiff summarily states that Defendants violated his civil rights under 42 U.S.C. § 1983. To have a claim under § 1983, a plaintiff must plead that the named defendant (1) acted "under color of state law" and (2) "deprived the plaintiff of rights secured by the Constitution or federal statutes." *Gibson v. U.S.*, 781 F.2d 1334, 1338 (9th Cir. 1986); *see also West v. Atkins*, 487 U.S. 42, 48 (1988); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). Plaintiff's complaint alleges that police officers violated his rights, and specifically names the Chicago Police Department as a defendant. Persons acting under color of state law typically

1  include officials who in some capacity represent either the state, city or county government. *See*
2  *Monroe v. Pape*, 365 U.S. 167 (1961), *partially overruled on other grounds by Monell v.*
3  *Department of Social Services of City of New York*, 436 U.S. 658, 663 (1978).  For purposes of
4  bringing a § 1983 claim, under relatively narrow and specific circumstances, a "person" can also
5  include a municipality such as a town, city, or one of its bodies such as the police or fire
6  department. *Monell*, 436 U.S. at 663.  Plaintiff has arguably satisfied this portion of his claim for
7  pleading purposes.

8  However, Plaintiff does not clearly identify what constitutional right was violated.
9  Section 1983 does not create any substantive rights.  Rather, "it simply acts as an instruction for
10 vindicating federal rights conferred elsewhere." *Marczeski v. Brown*, No. 3:02-CV-894, 2002
11 WL 31682175, at *2 (D. Conn. Nov. 21, 2002) (citing *Chapman v. Houston Welfare Rights Org.*,
12 441 U.S. 600, 616 (1979)).  The facts as alleged suggest that Plaintiff contends the Chicago
13 Police Department violated his constitutional right to unlawful search and seizure under the
14 Fourth and Fourteenth Amendments and his constitutional right to privacy, but this is unclear.

15 Claims brought under Section 1983 are characterized as personal injury claims for statute
16 of limitations purposes. *Wilson v. Garcia*, 471 U.S. 261, 276 (1985).  Nevada personal injury
17 claims must be brought within two years of the alleged conduct. NRS 11.190(4)(e).  The events
18 alleged in Plaintiff's complaint took place between April 1, 2005 and June 4, 2009 at the very
19 latest.  Plaintiff filed this complaint on October 12, 2011, over three months after the statute of
20 limitations expired.  Any state law tort claims that Plaintiff could possibly bring under the
21 alleged facts would be barred by Nevada's statute of limitations as well.  Therefore, Plaintiff
22 failed to state a claim upon which relief can be granted under 42 U.S.C. § 1983.

23 Plaintiff's complaint suggests that the harassment is ongoing, and recently requested that
24 the Chicago Police Department discontinue surveillance.  However, Plaintiff does not specify
25 dates of alleged conduct past November 3, 2008.  Plaintiff should identify specific dates of when
26 the harassment took place if he does allege that it is ongoing and continued after his move to the
27 state of Texas.  Further, Plaintiff's complaint vaguely refers to electronic equipment used to
28 harass him, but does not describe what exactly took place.  Plaintiff should describe the events

with further detail in order to properly plead what constitutional violations might have occurred. The Court will grant Plaintiff leave to amend his complaint in accordance with the above discussion, if he is able to do so.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed In Forma Pauperis (#1) is **granted**. Plaintiff shall not be required to pre-pay the full filing fee of three hundred fifty dollars ($350.00).

**IT IS FURTHER ORDERED** that the movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file the Complaint (#1-1).

**IT IS FURTHER ORDERED** that the Complaint is **dismissed** without prejudice for failure to state a claim upon which relief can be granted, with leave to amend. Plaintiff will have **thirty (30)** days from the date that this Order is entered to file his Amended Complaint, if he believes he can correct the noted deficiencies. Failure to comply with this Order may result in the Court recommending that this action be dismissed.

DATED this 3rd day of November, 2011.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge