1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ANTHONY J. BRODZKI,         )
                                  )
                 Plaintiff,   )     Case No. 2:11-cv-01655-PMP-CWH
                                  )
vs.                              )     **FINDINGS AND**
                                  )     **RECOMMENDATION**
CITY OF CHICAGO,         )
                                  )
                 Defendant.  )
_____)

       This matter is before the Court on Plaintiff's Amended Complaint (#4), filed November 2011. The Court also considered the Supplement to the Amended Complaint (#5), filed on January 5, 2012, and an additional Supplement (#16), filed on April 13, 2012.

## BACKGROUND

       Plaintiff alleges that the Chicago Police Department has been harassing him since 2005 regarding a rape that occurred when he was a child. He also contends that the Chicago Police Department failed to follow legal channels in its surveillance of Plaintiff. On November 3, 2011, the Court granted Plaintiff's Application for Leave to Proceed *in forma pauperis*, (#1) and ordered the Clerk of the Court to file Plaintiff's Complaint. *See* Order #2. The Court further ordered that the complaint be dismissed without prejudice and gave Plaintiff thirty days to amend the complaint to correct the noted deficiencies. The Court will now screen Plaintiff's Amended Complaint.

## DISCUSSION

**I.**    **Screening the Amended Complaint**

       Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint pursuant to § 1915(a). Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks

monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

Allegations of a *pro se* complaint are held to less stringent standards than formal pleading drafted

by lawyers.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curium).  When a court dismisses a

complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with

directions as to curing its deficiencies, unless it is clear from the face of the complaint that the

deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106

(9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a

complaint for failure to state a claim upon which relief can be granted.  Review under Rule

12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Laboratory Corp. of

America*, 232 F.3d 719, 723 (9th Cir. 2000).  A properly pled complaint must provide a short and

plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2);

*Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require

detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic

recitation of the elements of a cause of action."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as true all well-pled

factual allegations contained in the complaint, but the same requirement does not apply to legal

conclusions.  *Iqbal*, 556 U.S. at 679.  Mere recitals of the elements of a cause of action,

supported only by conclusory allegations, do not suffice.  *Id.* at 678.  Secondly, where the claims

in the complaint have not crossed the line from plausible to conceivable, the complaint should be

dismissed.  *Twombly,* 550 U.S. at 570.

Additionally, the Court cannot refer to a prior pleading in order to make an amended

complaint complete.  Local Rule 15-1 requires that an amended complaint be complete in itself

without reference to any prior pleading.  This is because, as a general rule, an amended complaint

supersedes the original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once

plaintiff files an amended complaint, the original pleading no longer serves any function in this

case.  Therefore, in an amended complaint, each claim and the involvement of the defendant

must be sufficiently alleged.

2

1
### A.    Federal Question Jurisdiction

2      As a general matter, federal courts are courts of limited jurisdiction and possess only that

3  power authorized by the Constitution and statute.  *See Rasul v. Bush*, 542 U.S. 466, 489 (2004).

4  Pursuant to 28 U.S.C. § 1331, federal district courts have original jurisdiction over "all civil

5  actions arising under the Constitution, laws, or treaties of the United States."  "A case 'arises

6  under' federal law either where federal law creates the cause of action or 'where the vindication

7  of a right under state law necessarily turn[s] on some construction of federal law.'"  *Republican*

8  *Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (quoting *Franchise Tax Bd.*

9  *v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8-9 (1983)).  The presence or absence of

10  federal-question jurisdiction is governed by the "well-pleaded complaint rule."  *Caterpillar, Inc.*

11  *v. Williams*, 482 U.S. 386, 392 (1987).  Under the well-pleaded complaint rule, "federal

12  jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly

13  pleaded complaint." *Id.*

14      Here, Plaintiff alleges a civil rights violation under 42 U.S.C. § 1983.  A claim under this

15  statute invokes the Court's federal jurisdiction.  However, because the Court finds Plaintiff failed

16  to properly bring a claim under section 1983 (see discussion below), federal question jurisdiction

17  does not exist.

18
### B.    Diversity Jurisdiction

19      Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction over civil

20  actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000"

21  and where the matter is between "citizens of different states."  Plaintiff does not allege diversity

22  jurisdiction in his Amended Complaint or the two Supplements.  Additionally, he fails to state

23  the value of the amount in controversy.  Moreover, it is unclear whether Plaintiff was a citizen of

24  the state of Nevada when he filed this lawsuit or whether he was a citizen of the state of Texas.

25  As the Court cannot refer to a prior pleading in order to make an amended complaint complete

26  pursuant to Local Rule 15-1, the Court finds that diversity jurisdiction does not exist.

27
### C.    Failure to State a Claim

28      Plaintiff appears to be alleging that Defendants violated his civil rights under 42 U.S.C. §

3

1983.  To state a claim under Section 1983, a plaintiff must plead that the named defendant (1) acted "under color of state law" and (2) "deprived the plaintiff of rights secured by the Constitution or federal statutes." *Gibson v. U.S.*, 781 F.2d 1334, 1338 (9th Cir. 1986); *see also West v. Atkins*, 487 U.S. 42, 48 (1988); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).  Plaintiff's complaint alleges that police officers violated his rights and names the Chicago Police Department as a defendant.  Because a "person" acting under color of state law can include a municipality such as a town, city, or one of its bodies such as the police department, Plaintiff has arguably satisfied the first requirement.  *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 663 (1978).

However, Section 1983 does not create any substantive rights.  Rather, "it simply acts as an instruction for vindicating federal rights conferred elsewhere." *Marczeski v. Brown*, No. 3:02-CV-894, 2002 WL 31682175, at *2 (D. Conn. Nov. 21, 2002) (citing *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 616 (1979)).  In its prior Order, the Court instructed Plaintiff to provide sufficient detail regarding what rights Plaintiff is alleging were violated.  *See* Order #2.  After reviewing the Amended Complaint and Supplements, it appears as though Plaintiff is alleging that the Chicago Police Department violated his First, Fourth, Fifth, and Fourteenth Amendment rights.  However, Plaintiff again failed to provide adequate facts to properly plead a violation of these rights.  Indeed, the facts alleged in Plaintiff's Amended Complaint and Supplements are difficult to follow and do not cross the line from plausible to conceivable.  Plaintiff's Amended Complaint and Supplements vaguely refer to electronic equipment used to harass him, but do not describe the events that constitute a Fourth Amendment violation.  Additionally, Plaintiff appears to allege a false imprisonment claim, but does not state who it was that performed that action or when and where it occurred.

Pursuant to 18 U.S.C. § 1915(d), the Court may dismiss "claims whose factual contentions are clearly baseless," such as "claims describing fantastic or delusional scenarios." *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989).  The court finds that Plaintiff's factual claims describe fantastic and delusional scenarios and do not state a claim upon which relief can be

granted.[1]  Because Plaintiff's Complaint does not set forth a plausible claim, it is recommended that the Complaint be dismissed with prejudice.  Because allegations of other facts would not cure it, Plaintiff is not entitled to an opportunity to amend the Complaint.

Based on the foregoing and good cause appearing therefore,

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Plaintiff's Amended Complaint (#4) be **dismissed with prejudice** because Plaintiff failed to state a claim upon which relief can be granted.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 25th day of October, 2012.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**

---

[1]  Review of court records indicates that Mr. Brodzki has filed multiple lawsuits alleging similar scenarios that have been rejected. *See* 2:10-cv-01091-LDG-LRL (dismissed as frivolous); 2:10-cv-2051-KJD-GWF (dismissed as delusional); 2:11-cv-1489-KJD-PAL (pending objection to Report and Recommendation dismissing claims as delusional); 2:11-cv-1852-RCJ-PAL (dismissed as delusional), 2:11-cv-1953-PMP-GWF (dismissed as fantastic, delusional, and irrational), 2:11-cv-2075-PMP-PAL (dismissed as fantastic and delusional), 3:11-cv-00206 LRH-VPC (dismissed as frivolous), 2:11-cv-2101-RCJ-CWH (dismissed as fantastic and delusional).